

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00226-CR

TYRONE BROWN RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 2229155

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Pursuant to an open plea, Tyrone Brown Ramirez pled guilty to family violence assault by occlusion causing bodily injury, a third-degree felony.[1]  After an evidentiary hearing, the trial court found Ramirez guilty and sentenced him to ten years' imprisonment.  Ramirez appeals.

Ramirez's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal.  Counsel provided a professional evaluation of the record and demonstrated why there are no arguable grounds to be advanced, as required by law.  *See Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Ramirez's counsel filed a motion with this Court seeking to withdraw as counsel in this appeal and provided Ramirez with copies of the brief and motion to withdraw.  In addition, counsel filed a motion asking the trial court to provide Ramirez with the appellate court record, which was granted on November 7, 2023.  Further, Ramirez's counsel informed him of his right to file a pro se response.  By letter dated March 11, 2024, we notified Ramirez that the case

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (Supp.).

2

would be submitted on the briefs on April 1, 2024. On March 11, 2024, we received Ramirez's pro se response.[2]

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). "However, appellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

Here, the record shows that the certified bill of costs contains a time payment fee of $15.00 under the heading of "Reimbursement Fee Description." The Texas Court of Criminal Appeals has recently concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* at 133.

---

[2]In his pro se response, Ramirez states that, according to his attorney, "there seem to be no mistakes on the legal side," but he asks this Court for a "chance to be tried fairly so [he can] put this nightmare behind [him] and [his] family."

Accordingly, we modify the trial court's judgment of conviction[3] and the clerk's bill of cost by deleting the $15.00 time payment fee.

As modified, we affirm the trial court's judgment of conviction.[4]

Jeff Rambin
Justice

Date Submitted:    April 1, 2024
Date Decided:    June 12, 2024

Do Not Publish

---

[3]On October 30, 2023, the trial court entered an order granting a judgment nunc pro tunc, stating, "Judgment should read **'DATE SENTENCE COMMENCES: OCTOBER 23, 2023.'**" The remainder of the trial court's original judgment was not modified in any way by the nunc pro tunc judgment.

[4]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.